WALTER W. ROSE INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43241.    Promulgated September 29, 1931.

*W. H. Poe, Esq.,* for the petitioner.
*Eugene Harpole, Esq.,* for the respondent.

OPINION.

TRAMMELL: This proceeding is for the redetermination of a deficiency in income tax of $3,054.89 for 1925. The only matter in controversy is the correctness of the respondent's action in determining that certain purchase money mortgage notes received by the petitioner in connection with the sale of three parcels of its real estate had a fair market value of the amounts determined by the respondent.

The petitioner is a Florida corporation, with its principal office at Orlando. Upon organization in the latter part of 1925 it acquired from Walter W. Rose, in exchange for shares of its capital stock, three parcels of real property, hereinafter referred to as the 16-acre tract, the Rose Hill land, and the lots on Winter Garden Road.

The 16-acre tract was located about nine miles from Orlando. On this property was an orange grove about three years old. The grove had not reached an income-producing stage and annual expenditures of from $40 to $50 per acre for a period of from two to three years would have been required to bring it to the bearing stage. Land in this vicinity with a three-year-old orange grove on it is classed as unimproved property by local real estate dealers, because it is not income-producing and because of the frost hazard on a three-year-old grove. Rose had owned this property for two or three years when he transferred it to the petitioner and had acquired it at a cost of $2,057.55. The petitioner issued to Rose $7,000 par value of its capital stock for the property. About December 1, 1925, the petitioner sold the 16-acre tract to F. L. Andrews for $12,000, receiving $4,000 cash and two notes for $4,000 each, due in one and two years, respectively, from the date of the sale and secured by a first mortgage on the property.

The Rose Hill land was located about ten miles from Orlando and consisted of about 380 acres of undeveloped " wild cut-over pine lands " from which no income was being derived. Rose had previously acquired the property at a cost of $19,000 and he transferred it to the petitioner for $40,000 par value of its capital stock. About November 1, 1925, the petitioner sold the property to Cora Fidler for $57,000, receiving $19,000 cash and two notes for $19,000 each, due in one and two years, respectively, from the date of the sale and secured by a first mortgage on the land.

The lots on Winter Garden Road were located about nine miles from Orlando and consisted of acreage and wooded lands which it was contemplated would be cut into camp sites. These lots were not producing any income. Rose had owned these lots from seven to ten years and had acquired them at a cost of $2,645.10. The lots were transferred to the petitioner for $9,000 par value of its capital stock. On August 14, 1925, the petitioner sold this property to Emrick Cafeteria Company, Inc., for $12,000, receiving $4,000 cash and two notes for $4,000 each, due in one and two years respectively and secured by a first mortgage on the property.

When the petitioner was organized Rose acquired all of its capital stock, except two shares, in exchange for properties including those described above.

During 1925 there was no demand nor any market for purchase money notes secured by mortgages on the character of property here involved.

We have considered all the evidence, including the testimony of five persons familiar with the conditions and the facts as to the demand and market for such notes as are here involved and who were well qualified to express their opinion as to whether the notes had any market value, and we are convinced that they did not. See *Ravlin Corporation*, 19 B. T. A. 1112; *C. L. Starr*, 9 B. T. A. 886; *Miami Beach Improvement Co.*, 14 B. T. A. 10; *Woodmar Realty Co.*, 17 B. T. A. 88.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN, MURDOCK, and SEAWELL dissent.